# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :   CRIMINAL ACTION NO. |
| ERNEST CLIFFORD MILLER, | :   1:02-CR-172-JEC-JSA |
| Defendant. | : |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

This matter has been referred to the undersigned on Defendant Ernest Clifford Miller's motion for reconsideration [Doc. 267] of the Court's November 5, 2012, Order [Doc. 264] denying, *inter alia*, Defendant's Affidavit in Support of Claim for Declaratory Relief [Doc. 249] after construing it as a § 2255.

I.   Procedural History

As noted by Chief U.S. District Judge Julie E. Carnes in her November 5, 2012, Order, this case has a confusing history. On December 5, 2003, Defendant was convicted by a jury of two counts of possession of a firearm by a convicted felon and two counts of possession of ammunition by a convicted felon, and on March 19, 2004, the Court sentenced him to 293 months of imprisonment. (Docs. 216, 227). The Eleventh Circuit affirmed his convictions and sentences on January

AO 72A
(Rev.8/82)

5, 2006 (Doc. 243), and the Supreme Court denied his petition for certiorari on April 3, 2006. *Miller v. United States*, 547 U.S. 1060 (2006).

On January 3, 2007, Defendant filed an Affidavit in Support of Declaratory Relief. (Doc. 249). In the affidavit, Defendant raised one issue: that this Court lacked jurisdiction to try him on the federal charges for which he had been convicted. (*Id.* at 1). Defendant sought "declaratory judgment" confirming the validity of his argument. (*Id.* at 5).

After no action was taken on Defendant's affidavit, he sent the Court a letter on August 12, 2008, in which he asked whether the Court could offer him relief on the remainder of his sentence based, in part, on his completion of all rehabilitative programs. (Doc. 250). In that same letter, Defendant noted that he would have been willing to enter into a plea agreement, but was urged by his attorney to proceed to trial. (*Id.*). Around that same time, the Court received two other letters from Defendant's family members asking if the Court could reduce Defendant's sentence and/or release him for humanitarian reasons. (Docs. 251, 252).

On October 27, 2008, Judge Carnes wrote to trial counsel, Jeffrey Ertel, attaching copies of the above-referenced letters and soliciting advice on an appropriate response. (Doc. 264 at 3). In reply, Mr. Ertel suggested that the Court

2

construe Defendant's January, 2007, affidavit as a § 2255 petition. (Doc. 253). On June 5, 2009, Defendant wrote a letter to the Court stating that his sentence was "heavily enhanced on a small amount of crack cocaine" and asking for a response on his "§ 2255 motion document." (Doc. 254).

Thereafter, on June 26, 2009, this Court issued an Order indicating that it had not received a § 2255 motion concerning crack cocaine or, for that matter, any other pleading requesting a reduction of Defendant's sentence based on the United States Sentencing Commission's retroactive amendment of the crack cocaine guidelines. (Doc. 255). In that same Order, the Court notified Defendant and the Government that it would construe Defendant's January 7, 2007, affidavit as a § 2255 motion and directed the Government to respond. (*Id.*).

The Government filed its response on June 30, 2009, noting that Defendant had raised the same issue on appeal as he raised in his affidavit, *i.e.*, that this Court lacked jurisdiction over the firearms offense for which Defendant was convicted, and that, in affirming Defendant's convictions and sentences, the Eleventh Circuit specifically rejected his jurisdictional challenge. (Doc. 256 at 2-3). According to the Government, therefore, because Defendant raised no new arguments, his

affidavit should be rejected. (*Id.* at 3). Defendant did not file a reply to the Court's June 26, 2009, Order or the Government's response.

Instead, on July 9, 2009, Defendant filed a formal motion to reduce his sentence in accordance with the Commission's crack cocaine amendment and appeared to abandon the issue raised in his original affidavit. (Doc. 257). As a result of that abandonment and inadvertent clerical errors more thoroughly discussed in Judge Carnes's November 5, 2012, Order [Doc. 264 at 5], the affidavit – now recharacterized as a § 2255 motion – was not ruled upon. After eventually discovering Defendant's still-pending July 9, 2009, request to reduce his sentence, the deputy clerk sent out a notice on March 12, 2012, directing the Government to respond to that request. (Doc. 258). On April 10, 2012, the Government filed its response and indicated that the retroactive crack cocaine amendment did not apply to Defendant because he was never convicted of a crack cocaine offense.

In the interim, on April 4, 2012, Defendant filed a motion asking the Court to rule on his previous "§ 2255 petition." (Doc. 260). Although Defendant did not address the jurisdictional issue raised in his original January 3, 2007, affidavit, he referenced, apparently as a basis for § 2255 relief, the brief comment in his August 12, 2008, letter that he would have been willing to enter into a plea agreement but

4

was urged by his attorney to proceed to trial.  (*Id.*).  He then cited to two recent Supreme Court cases of *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012),[1] in support of his argument that counsel's failure to obtain a plea agreement constituted ineffective assistance.  (Doc. 260 at 4).

On August 1, 2012, Defendant filed a petition for a writ of mandamus and asked the Court to rule on the "motion pursuant to § 2255."  (Doc. 262 at 2).  Although Defendant first referred to his August 12, 2008, letter, after quoting that part of the June 26, 2009, Order which construed the January 7, 2007, affidavit as a § 2255 motion and directed the Government to respond, Defendant stated that the "2255 motion" had not been ruled on even though the Government had responded four days after the Order was entered.  (*Id.*).

---

[1] In *Frye*, the Supreme Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable." *See* 132 S. Ct. at 1408. *Lafler* requires that to show prejudice, a defendant demonstrate that but for the ineffective advice from counsel, there is a reasonable probability that:  (1) he would have accepted the plea agreement;  (2) the prosecution would not have withdrawn it;  (3) the trial court would have approved the plea agreement; and (4) the conviction, sentence, or both, under the offer's terms, would have been less severe than that which was imposed. *See* 132 S. Ct. at 1385.

5

On November 5, 2012, Judge Carnes issued an Order, in which she discussed the protracted history of the case, denied the affidavit/§2255 motion as well as Defendant's motion to reduce his sentence under the crack cocaine amendments, and decided not to consider Defendant's *Frye/Lafler* claim. In doing so, the Court made the following findings:  (1) the sole jurisdictional issue raised in Defendant's January 7, 2007, affidavit was barred by the rule of the case doctrine since it was raised on direct appeal and rejected by the Eleventh Circuit; (2) the crack cocaine amendment did not apply to Defendant's convictions because he was not convicted of a crack cocaine offense; (3) Defendant's *Frye/Lafler* claim that his attorney never attempted to reach a plea agreement with the Government, raised nineteen months after filing his original affidavit that the Court construed as a § 2255 motion, could not relate back to the January 7, 2007, recharacterized § 2255 motion because it was not sufficiently related to the jurisdictional claim; and (4) the *Frye/Lafler* claim is untimely.  (Doc. 264).[2]

---

[2] In the interim, Defendant apparently filed a mandamus petition with the Eleventh Circuit, in which he asked the Eleventh Circuit to direct this Court to rule on his outstanding "§ 2255 motion to vacate;" however, the Eleventh Circuit denied the petition as moot on November 13, 2012.  (Doc. 266).

6

On November 15, 2012, Defendant filed a motion for reconsideration of the Court's November 5, 2012, Order. (Doc. 267). In the motion for reconsideration, Defendant argues that: (1) the Court failed to notify Defendant that it was recharacterizing his affidavit as a § 2255 motion in violation of *Castro v. United States*, 540 U.S. 375 (2003);[3] (2) Defendant therefore should have been allowed to amend his affidavit to include all issues he wished the Court to consider; and (3) *Frye* and *Lafler* are "new rule[s] of law" and, accordingly, his claims based on those cases would be timely under § 2255(f)(3)(4). (*Id.*).

II. Discussion

"Motions for reconsideration shall not be filed as a matter of routine practice." LR 7.2E, NDGa. Rather, "there are three primary grounds for reconsideration of a judgment: an intervening change in controlling law, the

---

[3] In *Castro*, the Supreme Court held that

> when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion[,] . . . the district court must first notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to restrictions on "second or successive" [§ 2255] motions, and provide the litigant an opportunity to withdraw the motion or to amend it so it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383.

7

availability of new evidence, or the need to correct clear error or prevent manifest injustice." *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003). "A motion to reconsider must demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.* (citation omitted). Defendant has not met this burden.

> A.   Defendant's *Frye/Lafler* Claim is Untimely.

"*Castro*'s protections . . . exist to protect *pro se* litigants from unfair surprises based on recharacterization." *United States v. Coley*, 336 F. App'x 933, 934 (11th Cir. 2009). In several pleadings filed with the Court, Defendant himself appears to characterize the original January 7, 2007, affidavit as a § 2255 motion. (*See* Docs. 254, 260, 262). Given his own characterization of the affidavit as a § 2255 motion, *Castro* does not apply.[4] *Compare Coley*, 336 F. App'x at 935 (holding *Castro* to be inapposite where litigant originally filed a *pro se* motion which he later requested through counsel for the court to construe as a § 2255 motion). *See also Young v. United States*, Nos. 2:04-CR-218, 2:08-CV-707, 2011

---

[4] The undersigned notes that in several of the pleadings in which Defendant refers to a "§ 2255 motion," he also mentions the August 12, 2008, letter. (*See, e.g.,* Docs. 260, 262).

8

WL 5552893, at *1 (S.D. Ohio Nov. 15, 2011) (indicating that *Castro* was not applicable where the petitioner himself characterized a letter he filed as a motion to vacate and therefore it was not "recharacterized" as such).

Even if this Court were to give Defendant the benefit of the doubt and find that the original affidavit should not have been recharacterized as a § 2255 motion without *Castro* warnings, the only relief that this Court could provide to Defendant is that the January 7, 2007, affidavit not be considered a § 2255 motion. *See Castro*, 540 U.S. at 383 (stating that if the court does not warn the litigant about consequences of recharacterizing the pleading as a § 2255 and provide him with the opportunity to withdraw or amend, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions."); *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012) (concluding that since the court did not issue *Castro* warnings to the petitioner prior to construing his Rule 60(b) as a § 2255 motion, his later § 2255 motion must be considered as a first petition); *United States v. Camejo-Rodriguez*, 413 F. App'x 158, 161 (11th Cir. 2011) (stating that a court's failure to provide *Castro* warnings when recharacterizing a pleading does not invalidate the previous recharacterization by the Court; rather, "the recharacterized

9

motion is simply not considered a § 2255 motion for purposes of triggering the law's restrictions on second or successive petitions"); *Williams v. United States*, 491 F.3d 1282, 1283-84 (11th Cir. 2007) (assuming, without deciding, that the petitioner's motion to correct his sentence – recharacterized as a § 2255 motion without *Castro* warnings – did not count as a first § 2255 motion); *United States v. Blackstock*, 513 F.3d 128, 135 (4th Cir. 2008) (reversing district court's dismissal of later § 2255 motion as successive because first motion was recharacterized without *Castro* warnings).  Thus, to the extent that Defendant now attempts to raise a § 2255 claim based on *Frye* and *Lafler*, any such claim cannot be considered second or successive.  Regardless, Defendant has not provided this Court with "facts or law of a strongly convincing nature" to convince the Court that its decision to dismiss this claim as untimely should be vacated.[5]

---

[5] Even if Defendant were allowed to amend the original affidavit with his *Frye/Lafler* claim, as discussed by Judge Carnes in her November 5, 2012, Order, such claim would not "relate back" to the original pleading.  (Doc. 264 at 8-12).

10

### 1. Defendant Did Not Raise His *Frye/Lafler* Claim Within One Year After His Conviction Became Final.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the event governing the one-year limitation period is the date Defendant's convictions and sentences became final, which was on April 3, 2006, when the United States Supreme Court denied certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches . . . when [the Supreme Court]

11

affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *Lopez v. United States*, No. 12-10281, 2013 WL 1104199, at *1 (11th Cir. Mar. 18, 2013) ("A conviction ordinarily becomes final when the Supreme Court denies certiorari or when the 90-day period for filing a petition for certiorari expires."). Thus, Defendant had until April 3, 2007, to file a § 2255 motion. Construing the pleadings liberally, Defendant first raised a claim that counsel was ineffective for failing to obtain a plea agreement in Defendant's August 12, 2008, letter, sixteen months after the limitation period expired. As such, it is untimely.

### 2. Defendant Cannot Rely Upon *Frye* and *Lafler* to Resurrect the Limitation Period.

Defendant's argument that under 28 U.S.C. § 2255(f)(3) the limitation period began when the Supreme Court decided *Frye* and *Lafler*, *supra*, is without merit. If a litigant asserts a right newly recognized by the Supreme Court and made retroactively available to cases on collateral review, the limitation period begins on the date of the Supreme Court decision. *See* 28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004). The Eleventh Circuit has held, however, that neither *Frye* nor *Lafler* announced a newly

12

recognized right that would be applied retroactively to cases on collateral review. *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012). Thus, neither *Lafler* nor *Frye* apply retroactively to Defendant and the limitation period under § 2255(f)(3) is inapplicable.[6] Accordingly, the instant § 2255 motion is untimely.[7]

III.   Conclusion

**IT IS THEREFORE RECOMMENDED** that Defendant's motion for reconsideration [Doc. 267] be **DENIED**.

---

[6] Defendant also relies on § 2255(f)(4) in support of his argument that his *Frye/Lafler* claim is not time-barred. Taking Defendant's allegations as true that he "would have been willing to accept a plea agreement but was urged by his attorney to go to trial," § 2244(f)(2) also does not help the timeliness of his claim because he would have known these facts at the time of trial and/or sentencing; *i.e.*, by March 19, 2004, and the fact that he may not have discovered their legal significance at that time is irrelevant. *See Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010) (stating that § 2255(f)(4) is predicated on the date that the facts supporting the claim could have been discovered, not the date of the discovery of a legal opinion); *Taylor v. United States*, No. 11-6015, 2013 WL 1188988, at *1 (6th Cir. Mar. 22, 2013) (stating that discovery of a new legal theory does not constitute a "fact" for purposes of § 2255(f)(4)); *Barreto-Barreto v. United States*, 351 F.3d 95, 100 n.4 (1st Cir. 2008) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4).").

[7] Although the one-year limitation period in § 2244(d) is subject to equitable tolling, *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (June 14, 2010), Defendant has provided no facts indicating that he seeks equitable tolling or that any such equitable tolling would apply.

13

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 25th day of June, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)