IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL ACTION NO. |
| | : 1:02-cr-172-JEC-JSA |
| ERNEST CLIFFORD MILLER, | : |
| Defendant. | : |

**ORDER AND OPINION**

This matter is before the Court on defendant's Motion for Reconsideration [267] of this Court's Order [264] denying, *inter alia*, defendant's Affidavit in Support of Claim for Declaratory Relief [249], the Final Report and Recommendation ("R&R") issued by United States Magistrate Judge Justin S. Anand [268], and defendant's Objections thereto [271]. After conducting an extensive review of defendant's arguments, Magistrate Judge Anand recommended that the motion for reconsideration be denied.

Under 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and/or Rule 59 of the Federal Rules of Criminal Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which defendant has objected. The Court reviews the remainder of the R&R for plain error. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983). Where a petitioner does not file <u>specific</u> objections to factual findings and recommendations of the magistrate judge, however, this Court need not perform a *de novo* review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir.

AO 72A
(Rev.8/82)

1993)(citing, *inter alia*, *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992); *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

## I.  **DISCUSSION**

The Court noted this case's confusing history in its original Order construing defendant's "Affidavit in Support of Claim for Declaratory Relief" as a § 2255 motion and denying it as such. ([264] at 7.)  Rather than replicating it again, the Court references the protracted procedural history set forth in its November 5, 2012, Order and incorporates it herein.

Magistrate Judge Anand based his recommendation to deny defendant's motion for reconsideration for the following alternative reasons:  (1) Defendant himself characterized his "affidavit" as a § 2255 and therefore the protections of *Castro v. United States*, 540 U.S. 375 (2003) do not apply;[1] (2) even if *Castro* protections do apply and this Court should have provided those warnings to defendant prior to re-characterizing his affidavit as a § 2255, the only relief this Court could provide to defendant would be that the January 7, 2007,

---

[1] In *Castro*, the Supreme Court held that a district court must first notify a *pro se* litigant that it intends to re-characterize a pleading as a § 2255 motion, warn the defendant that such re-characterization means that any subsequent § 2255 motion will be subject to restrictions on "second or successive" § 2255 motions, and provide the defendant with an opportunity to withdraw the motion or amend it so it contains all of the § 2255 claims he believes he has. *Castro*, 540 U.S. at 383.

affidavit not be considered a § 2255 motion; (3) despite defendant's argument to the contrary, this Court cannot allow him to "amend" the original affidavit under *Castro* because any such amendment does not "relate back" to his original claims; and (4) any "first" § 2255 claim he now attempts to raise based on *Missouri v. Frye,* __ U.S. __, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012),[2] are untimely.

Defendant specifically objects to at least two, if not more, of Magistrate Judge Anand's findings.  For the reasons discussed below, defendant's objections lack merit.

> A.   This Court Was Authorized to Refer Defendant's Motion to Magistrate Judge Anand Without Defendant's Consent.

Defendant claims that he did not consent to a magistrate judge issuing an R&R in his case and objects thereto.  While consent by the parties is required for trial before, or entry of a final judgment by, a Magistrate Judge, *see* LR 73.1, NDGa, the Court may, and does, refer this type of matter to a magistrate judge to decide without a

---

[2] In *Frye*, the Supreme Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408.  *Lafler* requires that to show prejudice, a defendant demonstrate that but for the ineffective advice from counsel, there is a reasonable probability that: (1) he would have accepted the plea agreement; (2) the prosecution would not have withdrawn it; (3) the trial court would have approved the plea agreement; and (4) the conviction, sentence, or both, under the offer's terms, would have been less severe than that which was imposed.  *Lafler*, 132 S. Ct. at 1385.

defendant's consent.  *See* 28 U.S.C. § 636(b)(1)(B)(providing that a district court may designate a magistrate judge to submit findings of facts and recommendations for the disposition of, *inter alia*, applications for post-trial relief made by persons convicted of criminal offenses); *McCarthy v. Bronson*, 500 U.S. 136, 139-40 (1991) ("[W]hen [Section 636(b)(1)(B)] is read in its entirety, it suggests that Congress intended to authorize the nonconsensual reference of *all* prisoner petitions to a magistrate[] . . . to include in their entirety . . . applications for habeas corpus relief pursuant to . . . 2255.")(emphasis in original); *Reeves v. DSI Sec. Servs., Inc.*, 395 Fed. App'x 544, 548 (11th Cir. 2010)(citing to, *inter alia*, 28 U.S.C. § 636(b)(1)(B) and stating that "[t]he district court need not obtain the consent of the parties before assigning these matters to a magistrate judge."); *United States v. Hyacinth*, Criminal File No. 1:06-CR-172-6-TWT, 2012 WL 2131955, at *1 (N.D. Ga. June 11, 2012) (Thrash, J.)(adopting R&R and denying motion to vacate over objection that the court was required to obtain consent to refer motion to vacate to magistrate judge).  This objection is therefore without merit.

    B.    *Castro* Protections

Defendant also objects to Magistrate Judge Anand's statement that Defendant himself appears to have characterized the affidavit as a § 2255 motion.  Regardless of whether Defendant did or did not do

4

so, Magistrate Judge Anand was correct that: (1) even if the Court should have, and failed to, issue *Castro* warnings, Defendant cannot "amend" the original affidavit to add his new *Frye/Lafler* claims because they do not "relate back" to the original claims in the affidavit; (2) instead, the only relief that this Court could provide to Defendant for any alleged *Castro* violation is that Defendant's new claims under *Frye* and *Lafler*, *supra*, be considered a "first" § 2255 motion; (3) that "first" § 2255 motion is untimely; (4) neither *Frye* nor *Lafler* could be applied retroactively to Defendant on collateral review and the limitation period under § 2255(f)(3) is inapplicable;[3] and (5) Defendant's discovery of the legal theory under *Frye/Lafler* does not revive the limitation period under § 2255(f)(4).[4]  Thus, the end result is the same regardless of whether Defendant himself re-characterized his affidavit as a § 2255 motion and, having reviewed Judge Anand's thorough analysis, the Court finds that this objection also is without merit.

---

[3]  28 U.S.C. § 2255(f)(3) provides that if a litigant asserts a right newly recognized by the Supreme Court and made retroactively available to cases on collateral review, the limitation period begins on the date of the Supreme Court decision.  *See id.*; *Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004).

[4]  28 U.S.C. § 2255(f)(4) provides that the one-year limitation period may run from the date on which the facts supporting the claim or claims presented could have been discovered with due diligence. As correctly noted by Magistrate Judge Anand, however, legal theories and/or legal significance of facts are not encompassed under this section.

**II. CONCLUSION**

Defendant's Objections are without merit, and the Court finds no clear error in the remainder of the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's R&R [268] over defendant's Objections [271].

Defendant's Motion for Reconsideration [267] of the dismissal of his action is hereby **DENIED** and defendant's Motion For Court to Show Cause [260], Motion for Writ of Mandamus [262], and Motions For The Court To Take Judicial Notice of his Objections [272, 273] are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED,** this 26th day of July, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/82)