**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ERNEST CLIFFORD MILLER, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-3012-TCB-JSA |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:02-CR-172-TCB-JSA |

**MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION**

Movant Ernest Clifford Miller has filed the instant motion and amended motion to vacate pursuant to 28 U.S.C. § 2255. (Docs. 285, 287). Movant seeks to challenge the constitutionality of his sentences under the Armed Career Criminal Act ("ACCA"), based on the United States Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (June 26, 2015). The Supreme Court in *Johnson* invalidated the residual clause in 18 U.S.C. § 924(e) as

unconstitutionally vague.[1]  For the reasons that follow, the undersigned **RECOMMENDS**  that the motion to vacate be **DISMISSED**.

I.   Procedural History

As noted previously by this Court [*see* Doc. 268], the procedural history of this case is confusing.  The undersigned incorporates and adopts the previous discussion of that history, as contained in the undersigned's previous report and recommendation in this case [*Id.* at 1-7], but will briefly restate the pertinent facts here.

Movant was convicted by a jury in this Court of two counts of possession of a firearm by a convicted felon and two counts of possession of ammunition by a convicted felon and was sentenced to 293 months of imprisonment on March 19, 2004.  (Docs. 216, 227).  The Eleventh Circuit affirmed Movant's convictions and

---

[1] The ACCA provides that if a person who is convicted under 18 U.S.C. § 922(g) has three or more previous convictions for a "serious drug offense" or a "violent felony," his prison term is increased from up to ten years of imprisonment (set forth in § 924(a)(2)) to a minimum of fifteen years and a maximum of life. *See* 18 U.S.C. § 924(e)(1).  The statute defines a "violent felony" as "burglary, arson, or extortion, or use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(e)(2)(B) (emphasis added).  It is the words at the end of the definition, italicized previously, that are known as the ACCA's residual clause, *Johnson*, 135 S. Ct. at 2555-56, and which the Supreme Court found unconstitutionally vague. *Id.* at 2557, 2263.

sentences on January 5, 2006, and the Supreme Court denied his petition for certiorari on April 3, 2006. *Miller v. United States*, 547 U.S. 1060 (2006).

On January 3, 2007, Movant filed an "Affidavit In Support of Declaratory Relief" in this Court [Doc. 249], in which he raised the sole issue that this Court lacked jurisdiction to try him on the charges for which he was convicted, and for which he sought declaratory judgment. (*Id.* at 1, 5). After no action was taken on his affidavit, Movant and his family sent letters to the Court asking for a reduction in Movant's sentence based on his completion of rehabilitative programs and for humanitarian reasons. (Docs. 250, 251, 252). Former U.S. District Judge Julie E. Carnes solicited advice from Movant's former counsel on how to respond to those letters, counsel advised the Court to construe Movant's affidavit as a § 2255 motion, and importantly, Movant referred to the affidavit as a § 2255 motion in several letters to the Court. (*See* Doc. 264 at 3, 253, 254, 260, 262).[2] In an Order dated January 7, 2007, the Court notified Movant and the Government that it would, in fact, construe Movant's affidavit as a § 2255 motion and ordered the

---

[2] While the construed § 2255 motion was still pending, Movant also filed a mandamus petition with the Eleventh Circuit asking the Eleventh Circuit to direct the Court to rule on his "§ 2255 motion to vacate," which the Eleventh Circuit denied as moot after this Court ruled on the motion. (Doc. 266).

Government to respond. (Doc. 255). Movant filed a motion in April of 2012, in which he asked the Court to rule on his previous "§ 2255 petition" and then sought to add additional claims for relief. (Doc. 260).

Judge Carnes issued an Order on November 5, 2012, denying the § 2255 motion, and declining to consider the additional claims.[3] (Doc. 264). Movant field a motion for reconsideration thereof [Doc. 267], Judge Carnes adopted the undersigned's recommendation [Doc. 268] to deny the motion for reconsideration [Doc. 274] over Movant's objections [Doc. 271], and the Eleventh Circuit denied Movant a certificate of appealability [Doc. 284] and denied Movant's motion for reconsideration thereof [Doc. 291].

In the interim, Movant filed another motion to vacate in this Court on August 21, 2015 [Doc. 285], and an amended motion on September 21, 2015 [Doc. 287]. This time Movant relies on *Johnson* to argue that his conviction under the ACCA is unconstitutional. (Doc. 287).[4] The Government filed its response on

---

[3] In that same Order, Judge Carnes denied yet another motion filed by Movant to reduce his sentence under the crack cocaine amendments. (Doc. 264).

[4] The amended motion to vacate supercedes and replaces the motion to vacate. *See* Fed. R. Civ. P. 81(a)(4) (stating that the Federal Rules of Civil Procedure are applicable to habeas proceedings, "to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing

AO 72A
(Rev.8/82)

December 24, 2015, urging this Court to dismiss the motion to vacate. (Doc. 293). The Court agrees with the Government that the instant case should be dismissed.

II.     Motion For Default Judgment

Movant filed a motion for default judgment against the Government on December 17, 2015, in which he argues that this Court should enter default judgment against the Government if the Government does not timely respond or were to ask for an additional extension of time to file its response. (Doc. 292). First, default judgment is not available in habeas corpus proceedings. *See Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (holding that "default judgment is not contemplated in habeas corpus cases").

Moreover, this Court provided the Government with an extension of time through December 28, 2015, to respond to the motion. (Doc. 290). The Government filed its response on December 24, 2015, four days before the

---

Section 2254 Cases, or the Rules Governing Section 2255 Cases."); Fed. R. Civ. P. 12 (providing that "[t]he Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."); *see also Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that an amended complaint supercedes the original complaint). Thus, this Court will only discuss the *Johnson* issue, which is the sole ground for relief raised in the amended motion.

5

deadline. (Doc. 293). Movant's motion for default judgment [Doc. 292] is therefore **DENIED**.

III.  Discussion

    A.  <u>Movant Has Not Sought Authorization From The Eleventh Circuit To File A Successive Petition.</u>

Under 28 U.S.C. § 2255(h)(2), a second or successive motion must be certified by a panel of the appropriate *court of appeals* to contain a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* (Emphasis added). Although Movant does not discuss the issue, apparently he assumes that the Supreme Court in *Johnson* issued a new rule of constitutional law that should be applied retroactively to his case on collateral review.

First, the Eleventh Circuit has specifically held that the rule in *Johnson* is not retroactively applicable on collateral review for purposes of 28 U.S.C. § 2255(h)(2). *See In re Franks*, __ F.3d __, 2016 WL 80551, at *4 (11th Cir. Jan. 6, 2016) (denying authorization to file a successive petition because *Johnson* is not retroactively applicable on collateral review); *accord In re Rivero*, 797 F.3d 986, 992 (11th Cir. 2015). In so holding, the Eleventh Circuit specified that in order for

6

a new rule to apply retroactively on collateral review, the Supreme Court must say that it does, but did not expressly do so in *Johnson* or subsequently apply its holding to a case on collateral review. *Franks*, 2016 WL 80551 at *2; *Rivero*, 797 F.3d at 989. The Court notes that the Supreme Court recently granted certiorari to resolve a Circuit split on this precise issue. *See Welch v. United States*, No. 15-6418, __ S. Ct. __, 2016 WL 90594 (Jan. 8, 2016).[5]

Regardless of the outcome of the Supreme Court's pending decision, unless and until Movant receives authorization from the Eleventh Circuit to file a successive § 2255 motion, this Court has no jurisdiction to consider it. *See* 28 U.S.C. § 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

---

[5] The undersigned notes that the Eleventh Circuit more recently held that *Johnson* applies retroactively to an *initial* or *first* § 2255 motion. *Mays v. United States*, __ F.3d __ (11th Cir. Mar. 29, 2016) (per curiam). Where, as here, a petitioner has filed a second or successive § 2255 motion raising the *Johnson* issue, however, the Eleventh Circuit's decision in *Rivero* still applies. *See Mays*, __ F.3d __ (slip op. at 14-17).

B.    Movant Was Not Sentenced Under The ACCA's Residual Clause.

In any event, Movant's convictions do not fall within the Supreme Court's decision in *Johnson*. Under the ACCA, if a person who possesses a firearm in violation of 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or serious drug offense, or both, that person's sentence increases from a maximum ten year sentence to a mandatory minimum fifteen years. *See* 18 U.S.C. §§ 924(a)(2), 924 (e)(1). As discussed previously in Footnote 2 of the instant report and recommendation, the Supreme Court in *Johnson* found that the residual clause at the end of the definition of "violent felony" contained in 18 U.S.C. § 924(e)(2)(B) – *i.e.*, that other than the specific crimes of burglary, arson, or extortion, a violent felony is defined as a felony that "*otherwise involves conduct that presents a serious potential risk of physical injury to another*" – was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2555-57, 2263. Movant, however, was *not* sentenced for having had three previous violent felonies as defined under the residual clause in 18 U.S.C. § 924(e)(2)(B) of the ACCA; rather, Movant's ACCA sentence was based on Movant's three previous convictions for serious drug offenses pursuant to 18 U.S.C. § 924(a)(2). *See United States v. Miller*, 156 F. App'x 281, 290-91 (11th Cir. 2005) ("Miller's sentence was

8

enhanced because of his previous convictions for serious drug offenses."). Thus, the Supreme Court's decision in *Johnson*, striking down the ACCA's residual clause, has no bearing on Movant's case. *See, e.g., Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony[,]" much less its definition of "serious drug offense"); *United States v. Darling*, 619 F. App'x 877, 880 n.5 (11th Cir. 2015) ("The Supreme Court's recent decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L. Ed. 2d 569 (2015), which struck down the ACCA's residual clause as unconstitutionally vague, has no bearing on Darling's sentence because he had more than three predicate convictions for 'serious drug offenses' as defined in 18 U.S.C. § 924(e)(2)(A)(ii). His predicate convictions were not based on qualifying under the residual clause."). In short, the Supreme Court's decision in *Johnson* simply does not apply to Movant's case.

IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the instant § 2255 motion [Docs. 285, 287] be **DISMISSED**.

9

IV.     Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).  In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

10

*v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant must first obtain permission from the Eleventh Circuit Court of Appeals before filing another § 2255 motion in this Court and that the Supreme Court's *Johnson* decision is inapplicable to Movant's case. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 31st day of March, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

11