IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERNEST CLIFFORD MILLER,<br>　　Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | : | |
| v. | : | CIVIL ACTION NO.<br>1:15-CV-3012-TCB-JSA |
| | : | |
| UNITED STATES OF AMERICA,<br>　　Respondent. | : | CRIMINAL ACTION NO.<br>1:02-CR-172-TCB-JSA |

# ORDER

This matter is before the Court on Movant Ernest Clifford Miller's objections [296] to Magistrate Judge Anand's Report and Recommendation (the "R&R") [294], which recommends that Miller's Motion to Vacate under 28 U.S.C. § 2255 be dismissed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 2009); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

AO 72A
(Rev.8/82)

whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2] Where no objection to the R&R is made, it need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

---

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful de novo review of the R&R and Miller's objections thereto. Having done so, the Court finds that Magistrate Judge Anand's factual and legal conclusions were correct and that Miller's objections have no merit.

## I. Discussion

In this § 2255 motion, Movant relies upon *Johnson v. United States*, 576 U.S. \_\_, 135 S. Ct. 2551 (June 26, 2015), in which the Supreme Court invalidated the residual clause in 18 U.S.C. § 924(e)(2) of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.[3] In the R&R, Magistrate Judge Anand set forth the protracted procedural history in this case, which this Court incorporates by reference. Magistrate Judge Anand recommended dismissing the § 2255 motion because: (1) Movant had not

---

[3] The ACCA provides that if a person who is convicted under 18 U.S.C. § 922(g) has three or more previous convictions for a "serious drug offense" or a "violent felony," his prison term is increased from up to ten years of imprisonment (set forth in § 924(a)(2)) to a minimum of fifteen years and a maximum of life. *See* 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as "burglary, arson, or extortion, or involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). It is the words at the end of the definition, italicized previously, that are known as the ACCA's residual clause, *Johnson,* 135 S.Ct. At 2555-56, and which the Supreme Court found unconstitutionally vague. *Id.* at 2557, 2263.

4

sought certification from the Eleventh Circuit to file a successive petition; and (2) the Supreme Court's decision in *Johnson* does not apply to Movant's sentence since he was not sentenced under the residual clause. [294]. The Court agrees.

Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified in section 2244 by a panel of the appropriate court of appeals" to contain, *inter alia*, "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Movant does not dispute Magistrate Judge Anand's conclusions that this motion is Movant's second § 2255 motion before this Court and that Movant did not seek any such requisite certification by the Eleventh Circuit. Even if Movant were to satisfy the prerequisites of § 2255(h)(2), however, unless and until he receives certification from the Eleventh Circuit to that effect, this Court does not have jurisdiction to entertain his § 2255 motion. *See* § 2255(h)(2); *United States v. Florence*, 411 F. App'x 230, 231 (11th Cir. 2011) (stating that absent authorization to file a second or successive section 2255 motion, a district court lacks subject-matter jurisdiction).

Movant apparently takes issue with Magistrate Judge Anand's conclusion that Movant was sentenced under 18 U.S.C. § 924(e)(2)(A)(ii) for having had three serious drug offenses rather than for three violent felonies under the ACCA's residual clause contained in 18 U.S.C. § 924(e)(2)(B) which the Supreme Court held in *Johnson* was unconstitutionally vague.[4] It is clear from the record, however, that Magistrate Judge Anand's conclusion is correct. *See United States v. Miller*, 156 F. App'x 281, 290-91 (11th Cir. 2005) ("Miller's sentence was enhanced because of his previous convictions for serious drug offenses.").[5] As such, the *Johnson* decision striking down the ACCA's residual clause has no bearing whatsoever on Movant's case. *See, e.g., United States v. Darling*, 619 F. App'x 877, 880 n.5 (11th Cir. 2015) ("The Supreme Court's recent decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551,

---

[4] Magistrate Judge Anand apparently inadvertently referred to the clause under which Movant was sentenced as 18 U.S.C. § 924(a)(2); however, that part of the ACCA sets forth the penalty for violating § 922(g) without the extra enhancements contained in § 924(e).

[5] To the degree that in his objections Movant argues that the drug offenses for which he was sentenced were not "serious" to warrant an ACCA sentence, any such argument is unrelated to this § 2255 motion, is successive, and also is untimely.

6

192 L. Ed. 2d. 569 (2015), which struck down the ACCA's residual clause as unconstitutionally vague, has no bearing on Darling's sentence because he had more than three predicate convictions for 'serious drug offenses' as defined in 18 U.S.C. § 924(e)(2)(A)(ii). His predicate convictions were not based on qualifying under the residual clause."); *Hall v. United States*, Nos. 15-81696-CIV-GAYLES/WHITE, 14-80060-CR-GAYLES, 2016 WL 403475, at *2 (S.D. Fla. Jan. 29, 2016) ("But the residual clause applied only to the ACCA's definition of a 'violent felony,' not its definition of a 'serious drug offense,' and so the Petitioner's reliance on *Johnson* in objecting to the classifications of these two [possession with intent to sell cocaine] convictions as predicate offenses is misplaced.").

The only other point Movant raises in his objections is to ask the Court to stay these proceedings until the Supreme Court decides *Welch v. United States*, No. 15-6418, ___ S. Ct. ___, 2016 WL 90594 (Jan. 8, 2016) – a case in which the Supreme Court granted certiorari to resolve a Circuit split on the issue of whether *Johnson* created a new rule that would apply retroactively to cases on collateral review – and which Movant argues directly impacts this Court's decision. [296]. Just this week the Supreme

7

Court issued its opinion in *Welch* and held that its *Johnson* decision did, in fact, announce a new rule that applied retroactively on collateral review. *Welch v. United States*, No. 15-6418, __ U.S. __, 2016 WL 1551144, at *8 (Apr. 18, 2016). Even if Movant's request were not moot, however, as Magistrate Judge Anand correctly concluded, neither *Welch* nor *Johnson* is applicable to Movant since he was not sentenced under the residual clause.

Having conducted a careful review of the R&R and Miller's objections thereto, the Court finds that Judge Anand's factual and legal conclusions were correct and that Miller's objections have no merit.

AO 72A
(Rev.8/82)

## II. Conclusion

For the reasons set forth above, the Court **OVERRULES** Movant's objections [296] and **ADOPTS** the Magistrate Judge's Final Report and Recommendation [294]. This action is **DISMISSED** for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 21st day of April, 2016.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)